strong rapport and level of comfort (*compare e.g. Mini Mint Inc. v Citigroup, Inc.*, 83 AD3d 596 [1st Dept 2011]; *see generally Association of Contr. Plumbers*, 302 NY at 498). Contrary to the father's argument, the court did not virtually terminate his parental rights by denying him the right to obtain information from the child's medical providers, nor change the custody agreement such that an evidentiary hearing was warranted. Nor did the injunction have far-reaching consequences, as it was expressly limited to this particular physician and her practice. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ The People of the State of New York, Respondent, v David L. Jamison, Appellant. [40 NYS3d 773]—Appeals having been taken to this Court by the above-named appellant from judgments of the Supreme Court, New York County (Jill Konviser, J.), rendered July 21, 2015 and January 14, 2014, said appeals having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgments so appealed from be and the same are hereby affirmed. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ Phoenix Light SF Limited et al., Appellants, v Credit Suisse AG et al., Respondents. Phoenix Light SF Limited et al., Appellants, v Morgan Stanley et al., Respondents. [40 NYS3d 774]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered May 6, 2015, in index No. 653123/13, to the extent appealed from as limited by the briefs, dismissing the common-law fraud, fraudulent inducement, and aiding and abetting fraud claims, unanimously reversed, on the law, with costs, and those claims reinstated. Appeal from order, same court and Justice, entered on or about April 23, 2015, to the extent it granted defendants' CPLR 3211 (a) (7) motion to dismiss the aforesaid claims, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered on or about April 23, 2015, in index No. 652986/13, which, to the extent appealed from as limited by the briefs, granted defendants' CPLR 3211 (a) (7) motion to dismiss the common-law fraud, fraudulent inducement, and aiding and abetting fraud claims, unanimously reversed, on the law, with costs, and the motion denied.

The allegations that with respect to their purchase of

residential mortgaged-back securities plaintiffs relied on misrepresentations and omissions made by defendants in the offering documents are sufficient to state the justifiable reliance element of the fraud claims; plaintiffs are not required to allege that they requested from defendants the actual loan files or due diligence reports or that they obtained representations and warranties made directly by defendants about the quality of the loans, as opposed to those made to defendants by other parties with direct access to the relevant information (*see IKB Intl. S.A. v Morgan Stanley*, 142 AD3d 447, 449-450 [1st Dept 2016]; *Basis Yield Alpha Fund Master v Morgan Stanley*, 136 AD3d 136, 142-143 [1st Dept 2015]; *CIFG Assur. N. Am., Inc. v Goldman, Sachs & Co.*, 106 AD3d 437 [1st Dept 2013]). We find that the remaining elements of the fraud claims are also sufficiently alleged (*see IKB Intl.*, 142 AD3d 447; *MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287, 294-296 [1st Dept 2011]).

We see no basis for reassignment to a different justice. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

JOSE ROSARIO, Doing Business as INWOOD PHOTO, Respondent, v CECI RESTAURANT, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [40 NYS3d 775]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered May 22, 2015, which, to the extent appealed from, denied the motion of defendant Ceci Restaurant, Inc. (Ceci) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Ceci established its prima facie entitlement to summary judgment by submitting evidence showing that it did not create or have actual or constructive notice of the condition that caused the fire that started in its restaurant and spread to plaintiff's business located in an adjacent building (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

In opposition, plaintiff submitted, inter alia, the testimony of an employee of defendant Aster Fire Prevention Services, Inc., an affiliate of defendant Master Fire Prevention Systems, Inc., which was hired by Ceci to clean the restaurant's exhaust system. The employee stated that the cleaning of the ducts was not done in strict accordance with the New York City Fire Code. Plaintiff also submitted the testimony and report of a Fire